# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00018-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAVID DONNIE LUKER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for reconsideration of the Order denying the Defendant's request for the appointment of counsel [Doc. 24].

In June 2021, the Defendant filed a letter, which the Court construed as a motion for appointment of counsel to file a motion for compassionate relief on his behalf. [Doc. 22]. On July 9, 2021, the Court denied the Defendant's request. [Doc. 23]. The Defendant now moves for reconsideration of that Order. [Doc. 24]. For grounds, the Defendant states that he has neither the knowledge nor the resources to file a motion for compassionate release. [Id.].

The Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). While the Defendant argues that he does not have the requisite knowledge or resources to file a motion for compassionate release on his own behalf, the Court notes that the Defendant has been able to present cogent arguments in support of his requests for the appointment of counsel. Moreover, the Defendant asserts that he has exhausted the administrative procedures necessary in order to file a motion for compassionate release. [See Doc. 24 at 1]. This indicates to the Court that the Defendant is capable of presenting his own motion for compassionate release without the assistance of appointed counsel.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for reconsideration [Doc. 24], is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 13, 2021

Martin Reidinger
Chief United States District Judge